SDB: USAO 2008R00814

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FILED
LOGGED
ENTERED
RECEIVED
DEC 13 2010
CLERK, AT GREENBELT
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | **CRIMINAL NO.** AW 10 CR 0761 |
| | * | |
| **IBRAHEEM MAJEKODUNMI,** | * | (Conspiracy to Commit Bank Fraud, |
| a/k/a A.J., | * | 18 U.S.C. § 1349; Bank Fraud, |
| a/k/a I.A. Majek, | * | 18 U.S.C. § 1344; Aggravated |
| a/k/a Craig Dean, | * | Identity Theft, 18 U.S.C. § 1028A, |
| **KEITH PARKER,** | * | Mail Theft, 18 U.S.C. § 1708; Aiding |
| **LAWRENCE IRVIN GREEN,** | * | and Abetting, 18 U.S.C. § 2; |
| **JOANN KINARD,** | * | Forfeiture, 18 U.S.C. § 982) |
| **PRINCESS SMITH, and** | * | |
| **KIM HENSON,** | * | |
| a/k/a Kimberly Henson, | * | |
| | * | |
| **Defendants** | ****** | |

## INDICTMENT

### COUNT ONE
(Conspiracy to Commit Bank Fraud)

The Grand Jury for the District of Maryland charges that:

### Introduction

1.    At all times relevant to this Indictment, Bank of America, Branch Banking and Trust

("BB&T"), SunTrust Bank, Commerce Bank, and Wachovia Bank (collectively "the financial

institutions") were financial institutions whose deposits were insured by the Federal Deposit

Insurance Corporation.

### The Conspiracy

2.    Between in or about June 2008, and continuing through at least in or about December

2009, in the District of Maryland and elsewhere, the defendants,

**IBRAHEEM MAJEKODUNMI,**
**a/k/a A.J.,**
**a/k/a I.A. Majek,**
**a/k/a Craig Dean,**
**KEITH PARKER,**
**LAWRENCE IRVIN GREEN,**
**JOANN KINARD,**
**PRINCESS SMITH, and**
**KIM HENSON,**
**a/k/a Kimberly Henson,**

knowingly and willfully conspired and agreed with each other and others to execute and attempt to

execute a scheme and artifice to defraud the financial institutions, and to obtain monies, funds,

credits and assets owned by, and under the custody and control of, those financial institutions, by

means of materially false and fraudulent representations and promises, in violation of 18 U.S.C.

§ 1344.

## Manner and Means of the Conspiracy

3.      It was part of the conspiracy that defendants **MAJEKODUNMI** and **PARKER** and

others would steal the identification information of other individuals without their consent and

knowledge (referred to as "victims") in order to steal money from their bank accounts and secure

credit in their names.  In some cases, to steal victims' identification information, defendants

**MAJEKODUNMI**, **PARKER,** and **HENSON** would purloin victims' mail.  In particular,

defendants **MAJEKODUNMI** and **PARKER** and others would request that the United States Postal

Service hold victims' mail, which they would retrieve, sometimes using counterfeit state

identification cards in the victims' names.  In addition, in some cases, defendant **HENSON** would

steal checks from mailboxes in Prince George's County and elsewhere.  Defendant

-2-

**MAJEKODUNMI** and others also at times would steal victims' identification information with the help of co-conspirators employed by banks where victims maintained accounts.

4.    It was further part of the conspiracy that defendants **MAJEKODUNMI, PARKER, GREEN, KINARD, HENSON** and others would use victims' identification information to fraudulently obtain hundreds of thousands of dollars from bank accounts in victims' names. For example, defendants **MAJEKODUNMI, PARKER, GREEN, KINARD, SMITH, HENSON** and others would withdraw cash from bank accounts controlled by the victims; cause checks and transfers to be issued from bank accounts held by the victims; and would create and use counterfeit checks that were purportedly drawn on victims' accounts. Defendants **MAJEKODUNMI** and **GREEN** also used stolen identification information to apply for and obtain lines of credit in the names of the victims.

5.    It was further part of the conspiracy that in some cases, defendants **MAJEKODUNMI, PARKER, GREEN,** and **KINARD** would use victims' identification information to create new bank accounts in the victims' names, unbeknownst to the victims, to deposit and then use the stolen funds. In other cases, defendants **MAJEKODUNMI** and **PARKER,** and others would use the bank accounts of others, whom they would compensate, in order to deposit stolen funds. After depositing the stolen funds, defendants **PARKER** and **GREEN** would obtain cashier's checks drawn on those accounts and withdraw cash from those accounts.

6.    It was a further part of the conspiracy that defendant **MAJEKODUNMI** would access victims' bank accounts on-line and change their contact information, such as mailing addresses and phone numbers, to a telephone number controlled by defendant **MAJEKODUNMI,** and to the

-3-

address of abandoned property.  By directing correspondence and communications away from the victims, the defendants would thwart financial institutions' attempts to verify fraudulent transactions.

7.　It was further part of the conspiracy that the defendants would share the funds stolen from the victims.

**Overt Acts**

8.　In furtherance of the conspiracy, and to effect the objects thereof, at least one of the defendants and their co-conspirators committed and caused to be committed at least one of the following acts, among others, in the District of Maryland and elsewhere:

a.　On or about June 15, 2008, defendant **MAJEKODUNMI** accessed on-line a Bank of America account in the name of victim C.D. and changed access passwords.

b.　On or about June 16, 2008, defendant **MAJEKODUNMI** accessed on-line the U.S. Postal Service web site and placed a hold on the mail of victims A.K. and R.K. to redirect their mail to the post office.

c.　On or about June 20, 2008, defendants **MAJEKODUNMI, PARKER,** and co-conspirator 1 used a counterfeit state identification card in the name of W.E. to retrieve the mail of A.K. and R.K. at the Rockville Main Post Office.

d.　On or about June 26, 2008, defendant **MAJEKODUNMI** purchased a Range Rover in Arlington, Virginia using a counterfeit state identification card in the name of C.D.

e.　On or about October 16, 2008, defendants **GREEN** and **KINARD** used identification information of L.P. and J.P. to open account number XXXXXX7479 at Commerce Bank ("account 7479") in New Carrollton, Maryland.

-4-

f.       On or about October 16, 2008, defendant **GREEN** used a counterfeit state identification card in the name of L.P. at a Bank of America branch to cause the issuance of three checks for more than $25,000 each drawn on an account in the name of L.P, including one check payable to defendant **MAJEKODUNMI**.

g.       On or about October 16, 2008, defendants **PARKER** and **GREEN** deposited cashier checks payable to L.P. and W.M. into account 7479.

h.       On or about October 17, 2008, defendants **PARKER** and **GREEN** made four cash withdrawals from account 7479 totaling $17,500.

i.       On or about October 20, 2008, defendant **GREEN** obtained an automobile insurance policy for his car in the name of L.P. at State Farm auto insurance in Riverdale, Maryland.

j.       On or about October 22, 2008, defendant **MAJEKODUMNI** used a Bank of America debit card in the name of M.B. to deposit a stolen convenience check for $4,200 drawn on an account in the name of F.B.

k.       On or about October 23, 2008, defendant **MAJEKODUMNI** purchased three postal money orders totaling $2,500 using M.B.'s debit card and PIN at the post office in Prince Frederick, Maryland.

l.       On or about November 3, 2008, defendant **HENSON** deposited into a SunTrust Bank account in her name a counterfeit check for $6,000, which defendant **PARKER** fabricated to be drawn on an account held by M.Y.

m.       On or about November 4, 2009, **HENSON** withdrew $6,000 cash from her SunTrust Bank account.

-5-

n.    In or about Fall 2008 and no later than November 24, 2008, defendants **PARKER**, **SMITH**, and **HENSON** exchanged names and personal account information for S.H., D.W., L.P. and H.P. and other victims.

o.    On or about November 28, 2008, defendant **HENSON** used a false identification card in the name of S.H. to cash a stolen U.S. Treasury check payable to S.H. for $2,427.

p.    On or about December 9, 2008, defendant **HENSON** deposited a $6,000 counterfeit check in the name of M.P. into **HENSON**'s SunTrust Bank account.

q.    On or about December 23, 2008, at a CVS store in New Jersey, defendant **SMITH** used as payment a counterfeit check payable in the amount of $220.35.

r.    On or about December 26, 2008, defendant **HENSON** used the account information and routing number of a bank account held by S.H. to pay for defendant **HENSON**'s power bill.

s.    On or about December 27, 2008, defendant **HENSON** used the account information and routing number of a bank account held by S.H. to pay the cable bill at an address in Bladensburg, Maryland, where defendant **PARKER** resided.

t.    On or about December 28, 2008, defendant **SMITH** used a counterfeit check in the amount of $3,238.40 to pay a merchant in New Jersey for carpet to be delivered to the home of defendant **SMITH** in Trenton, New Jersey.

u.    On or about December 29, 2008, defendant **SMITH** and co-conspirator 2 used a counterfeit check number in the amount of $1,714 to pay a merchant in New Jersey for furniture to be delivered to the home of defendant **SMITH** in Trenton, New Jersey.

v.      On or about February 11, 2009, defendant **GREEN** withdrew cash and caused the issuance of cashier's checks payable to S.A. and L.G. totaling about $22,000 from a Bank of America account in the name of J.S.

w.      On or about February 11, 2009, defendant **PARKER** used false identification cards to cash the checks payable to S.A. and L.G. drawn on the bank account of J.S.

x.      On or about March 5, 2009, defendants **KINARD** and **GREEN** used counterfeit identification cards to pose as T.C. and A.C. and withdraw cash and cause the issuance of cashier's checks payable to M.T. and K.S. totaling about $24,200 from a Bank of America account in the names of T.C. and A.C.

y.      On or about March 6, 2009, defendant **PARKER** used false identification cards to cash the checks payable to M.T. and K.S. drawn on the BOA account of T.C. and A.C.

z.      On or about March 11, 2009, **PARKER** obtained three cashier's checks totaling $24,900 from a Bank of America checking account in the name of G.L.

aa.     On or about March 17, 2009, defendant **GREEN** used a fake identification card to attempt to withdraw $33,000 from a Bank of America account in the name of T.M.

bb.     On or about March 26, 2009, defendant **PARKER** deposited counterfeit check number 1170 payable to A.P. in the amount of $6,000.

cc.     On or about April 4, 2009, defendant **PARKER** deposited into a counterfeit check payable to V.P. in the amount of $11,800 drawn on a Bank of America account in the name of T.M.

18 U.S.C. § 1349

-7-

## COUNTS TWO THROUGH SEVEN
(Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1.    Paragraphs 1 and 3 through 8 of Count One are incorporated here.

2.    Between in or about June 2008, through at least in or about December 2009, in the

District of Maryland and elsewhere, the defendants,

**IBRAHEEM MAJEKODUNMI,**
**a/k/a A.J.,**
**a/k/a I.A. Majek,**
**a/k/a Craig Dean,**
**KEITH PARKER,**
**LAWRENCE IRVIN GREEN,**
**JOANN KINARD,**
**PRINCESS SMITH, and**
**KIM HENSON,**
**a/k/a Kimberly Henson,**

knowingly and willfully devised a scheme and artifice to defraud financial institutions and to obtain

monies, funds, credits and assets owned by, and under the custody and control of, those financial

institutions by means of materially false and fraudulent representations and promises.

3.    On or about each date set forth below, in the District of Maryland, the defendant

identified below did knowingly and willfully execute and attempt to execute the scheme to defraud,

as described below:

| COUNT | DATE | DEFENDANT | DESCRIPTION |
|-------|------|-----------|-------------|
| 2 | 10/16/2008 | **LAWRENCE IRVIN GREEN** | Withdrew $5,000 cash and caused the issuance of $76,000 in cashier's checks from a Bank of America checking account of L.P. |

-8-

| COUNT | DATE | DEFENDANT | DESCRIPTION |
|-------|------|-----------|-------------|
| 3 | 10/22/2008 | **IBRAHEEM MAJEKODUNMI** | Deposited stolen check of F.B. in the amount of $4,200 into the Bank of America checking account of M.B. |
| 4 | 12/9/2008 | **KIM HENSON** | Deposited counterfeit BB&T check number 124 in the name of M.P. and the amount of $6,000 into **HENSON**'s SunTrust account. |
| 5 | 12/23/2008 | **PRINCESS SMITH** | Uttered a counterfeit check bearing the name of D.W. and the account information of L.P. and H.P. in the amount of $220.35. |
| 6 | 3/5/2009 | **LAWRENCE IRVIN GREEN, JOANN KINARD** | Withdrew $7,500 cash and caused the issuance of $16,700 in cashier's checks from a Bank of America checking account of T.C. and A.C. |
| 7 | 3/11/2009 | **KEITH PARKER** | Caused the issuance of three cashier's checks totaling $24,900 from a Bank of America checking account of G.L. |

18 U.S.C. § 1344

## COUNT EIGHT

(Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

On or about October 16, 2008, in the District of Maryland, the defendant,

### LAWRENCE IRVIN GREEN,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of

another person, specifically, the name and personal bank account number of L.P., during and in

relation to a felony violation, that is, bank fraud and conspiracy to commit bank fraud, in violation

of 18 U.S.C. §§ 1344 and 1349, respectively, as charged in Counts One, Two and Six, which are

incorporated here.


18 U.S.C. § 1028A
18 U.S.C. § 2

-10-

## COUNT NINE

(Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

On or about October 22, 2008, in the District of Maryland, the defendant,

**IBRAHEEM MAJEKODUNMI,**
**a/k/a A.J.,**
**a/k/a I.A. Majek,**
**a/k/a Craig Dean,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of

another person, to wit, the name, personal bank account number, debit card and PIN of M.B., during

and in relation to a felony violation, that is, bank fraud and conspiracy to commit bank fraud, in

violation of 18 U.S.C. §§ 1344 and 1349, respectively, as charged in Counts One and Three, which

are incorporated here.


18 U.S.C. § 1028A
18 U.S.C. § 2

-11-

## COUNT TEN
(Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

On or about December 9, 2008, in the District of Maryland, the defendant,

### KIM HENSON,
### a/k/a Kimberly Henson,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name and personal bank account number of M.P., during and in relation to a felony violation, that is, bank fraud and conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349, respectively, as charged in Counts One and Four, which are incorporated here.


18 U.S.C. § 1028A
18 U.S.C. § 2

-12-

## COUNT ELEVEN
(Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

On or about December 23, 2008, in the District of Maryland and elsewhere, the defendant,

### PRINCESS SMITH,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of

another person, to wit, the name, address and date of birth of D.W., during and in relation to a felony

violation, that is, bank fraud and conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344

and 1349, respectively, as charged in Counts One and Five, which are incorporated here.


18 U.S.C. § 1028A
18 U.S.C. § 2

-13-

## COUNT TWELVE
(Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

On or about March 5, 2009, in the District of Maryland, the defendant,

## JOANN KINARD,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of

another person, to wit, the name and personal bank account number of A.C., during and in relation

to a felony violation, that is bank fraud and conspiracy to commit bank fraud, in violation of 18

U.S.C. §§ 1344 and 1349, respectively, as charged in Counts One and Six, which are incorporated

here.


18 U.S.C. § 1028A
18 U.S.C. § 2

-14-

## COUNT THIRTEEN
(Aggravated Identity Theft)

The Grand Jury for the District of Maryland charges that:

On or about March 11, 2009, in the District of Maryland, the defendant,

### KEITH PARKER,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name and personal bank account number of G.L., during and in relation to a felony violation, that is, bank fraud and conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349, respectively, as charged in Counts One and Seven, which are incorporated here.

18 U.S.C. § 1028A
18 U.S.C. § 2

-15-

## COUNT FOURTEEN
(Mail Theft)

The Grand Jury for the District of Maryland further charges that:

1.    Paragraphs 1 and 3 through 8 of Count One are incorporated here.

2.    On or about October 23, 2008, in the District of Maryland, the defendant,

### IBRAHEEM MAJEKODUNMI,
a/k/a A.J.,
a/k/a I.A. Majek,
a/k/a Craig Dean,

did have in his possession mail addressed to P.M. at a street address in Bowie, Maryland 20721, and

an article and thing contained therein, which had been stolen, taken, and embezzled from a letter

box, mail receptacle, mail route, and other authorized depository for mail, knowing the mail to have

been stolen, taken, and embezzled from an authorized depository for mail.

18 U.S.C. § 1708
18 U.S.C. § 2

**FORFEITURE ALLEGATION**

1.      Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Sections 982(a)(2), in the event of the defendant's conviction on Counts One through Seven of this Indictment.

2.      As a result of the offenses charged in Counts One through Seven of this Indictment, and pursuant to Title 18, United States Code, Section 982(a)(2), defendants,

**IBRAHEEM MAJEKODUNMI,**
**a/k/a A.J.,**
**a/k/a I.A. Majek,**
**a/k/a Craig Dean,**
**KEITH PARKER,**
**LAWRENCE IRVIN GREEN,**
**JOANN KINARD,**
**PRINCESS SMITH, and**
**KIM HENSON,**
**a/k/a Kimberly Henson,**

shall forfeit to the United States any property constituting, and derived from, proceeds obtained, directly and indirectly, as a result of such violations. The property to be forfeited includes, but is not limited to:

a.      Personal and real property, including vehicles and U.S. currency; and

b.      at least $358,396 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which was used in and involved in the offenses and is property traceable to such property.

2.      If, as a result of any act or omission of the defendants, any such property subject to forfeiture:

-17-

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

18 U.S.C. § 982(a)(2)

ROD J. ROSENSTEIN
UNITED STATES ATTORNEY

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: December _13_, 2010

-18-